IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DAVID GODFREY, | § | |
| TDCJ-CID NO. 848626, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-06-0430 |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Mark David Godfrey, proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging the result of a prison disciplinary proceeding.  Pending before the court are Godfrey's Petition for a Writ of Habeas Corpus by a Person in State Custody ("Fed. Writ Pet.") (Docket Entry No. 1), Godfrey's Memorandum in Support of 2254 Federal Writ of Habeas Corpus ("Fed. Writ Memo") (Docket Entry No. 3), Respondent Quarterman's Motion for Summary Judgement with Brief in Support (Docket Entry No. 26), and Godfrey's Response to Summary Judgment with Brief in Support ("Fed. Writ Response") (Docket Entry No. 28).  The court will grant Respondent's Motion for Summary Judgment and deny Godfrey's Petition for a Writ of Habeas Corpus.

## I.  <u>Procedural History and Claims</u>

On October 14, 1998, Godfrey was sentenced to 50 years' imprisonment in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) for burglary of a habitation.  Fed. Writ Pet. at 2.  Godfrey, who remains incarcerated at the Coffield Unit of the Texas Department of Criminal Justice, does not challenge his underlying conviction. Instead, he challenges the result of a prison disciplinary proceeding.

On October 22, 2004, Godfrey was charged with the prison disciplinary offense of possession of a contraband armband.[1] Disciplinary Hearing Records ("DHR") at 1.  On October 26, 2004, the disciplinary hearing officer found Godfrey guilty and (1) denied him forty-five days of recreation and commissary privileges, (2) reduced his line-class status from S3 to L1,[2] and (3) stripped him of thirty days' accrued good-time credit.  <u>Id.</u> at 13.

On November 1, 2004, Godfrey submitted a step-one grievance, appealing the decision of the disciplinary hearing officer. Disciplinary Grievance Records ("DGR") at 1.  The grievance was

_____

[1]The offense report described the item as a white, imitation armband.  DHR at 2.  The armband was a building 18 armband and Godfrey was a resident in building 19.  <u>Id.</u>

[2]Inmates in the TDCJ-CID earn good-conduct time at different rates depending upon the line class into which they are placed. <u>See</u> <u>Malchi v. Thaler</u>, 211 F.3d 953, 958 (2000).

denied on November 29, 2004.  Id. at 2.  On December 15, 2004, Godfrey submitted a step-two grievance, appealing the outcome of the step-one grievance.  Id. at 3.  The step-two grievance was denied on January 11, 2005.  Id. at 4.

Godfrey filed his federal petition for habeas corpus relief in the Wichita Falls Division of the Northern District of Texas on January 5, 2006.  The petition was transferred to the Houston Division of the Southern Division of Texas on February 2, 2006 (Docket Entry No. 6).  In his petition Godfrey asserts that

(1)  he was denied the opportunity to present witnesses;

(2)  he was denied the right to cross-examine witnesses;

(3)  he was denied due process because the TDCJ did not follow its normal procedure of conducting an investigation;

(4)  the disciplinary hearing officer retaliated against him because he chose to plead not guilty;

(5)  the evidence was insufficient to support a guilty finding;

(6)  he was denied effective assistance of counsel; and

(7)  he was denied equal protection of the laws.

Jurisdiction is proper either in the district where the person is in custody or the district in which the state court convicted and sentenced the petitioner.  28 U.S.C. § 2241(d).  Because Godfrey was convicted and sentenced in Harris County, Texas, this court has jurisdiction over his petition.

## II.  **Standard of Review**

A court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986)**.** An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). Once the movant has met this burden the non-movant must establish that there is a genuine issue for trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). If the non-movant is unable to meet this burden, the motion for summary judgment will be granted. Fed. R. Civ. P. 56(c). When considering a summary judgment motion the court resolves any doubts and draws any inferences in favor of the nonmoving party. Hunt v. Cromartie, 119 S.Ct. 1545, 1551-52 (1999). However, the nonmovant cannot rely on conclusory allegations or unsubstantiated assertions to establish that there is a triable issue. Wallace v. Tex. Tech Univ., 80 F.3d

-4-

1042, 1047 (5th Cir. 1996).   Nor is the nonmovant's burden
satisfied by casting "some metaphysical doubt as to material facts"
or where only a scintilla of evidence has been brought forth.
Fiesel v. Cherry, 294 F.3d 664, 667 (5th Cir. 2002).

In a habeas case the court should liberally construe the
petitions of pro se prisoner litigants.   See Haines v. Kerner, 92
S.Ct. 594, 595-96 (1972).   Procedural rules must give way at times
"because of the unique circumstance of incarceration."   McNeil v.
United States, 113 S.Ct. 1980, 1984 (1993) (citing Houston v. Lack,
108 S.Ct. 2379 (1988)).   Overall, the court holds pro se complaints
to "less stringent standards than formal pleadings drafted by
lawyers."   Haines, 92 S.Ct. at 596.

### III.   Analysis

Respondent asserts that Godfrey's claims are time-barred under
28 U.S.C. § 2244.   Section 2244 establishes a one-year limitation
period for Godfrey's application for federal habeas corpus relief.
According to the Respondent, Godfrey's claims are barred because
Godfrey filed his federal habeas petition on January 5, 2006, more
than a year after his disciplinary hearing was held on October 26,
2004.   However, Godfrey raises grounds for equitable tolling.
Rather than determine whether Godfrey's petition should be
dismissed as time-barred, the court will address and dismiss his
claims on their merits.

**A.   Denial of Due Process**

1.   <u>Protected Liberty Interests</u>

The substance of Godfrey's argument is that he was denied due process of law during the prison disciplinary proceeding.  At the proceeding the disciplinary hearing officer (1) denied Godfrey forty-five days of recreation and commissary privileges, (2) reduced his line-class status from S3 to L1, and (3) stripped him of thirty days' accrued good-time credit.  DHR at 13.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'"  <u>Malchi v. Thaler</u>, 211 F.3d at 957 (quoting <u>Orellana v. Kyle</u>, 65 F.3d 29, 31 (5th Cir. 1995)).  The Fourteenth Amendment requires that two fundamental elements must be proven to establish a due process violation.  First, the petitioner must identify the "life, liberty, or property" interest of which he claims to have been denied.  <u>See, e.g.</u>, <u>Hudson v. Johnson</u>, 242 F.3d 534, 535-36 (5th Cir. 2001) ("As a preliminary matter, we note that the alleged deprivation of Hudson's accrued good time credits rises to the level of a constitutional violation only if Hudson can first establish that he had a protected liberty interest in those credits.") (citing <u>Wolff v. McDonnell</u>, 94 S.Ct. 2963, 2975 (1974)).  Second, the petitioner must show that he was deprived of that interest without being afforded due process of law.  <u>Wolff</u>, 94 S.Ct. at 2975.

-6-

The recreation and commissary time loss and the reduction in line class are not liberty interests protected by the Due Process Clause.   Godfrey's loss of recreation and commissary time are "merely changes in the conditions of his confinement and do not implicate due process concerns." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997).   Likewise, Godfrey does not have "a constitutionally cognizable claim to the right to a particular time-earning status, a 'right' the Texas legislature has specifically denied creating." Malchi, 211 F.3d at 959.   Thus, Godfrey is not entitled to federal habeas relief regarding his lost commissary time and his reduction in line class.

However, Godfrey may have a liberty interest in his lost good-time credits.  Although "the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison," states may create a right to good-time credit that is protected by the Due Process Clause.  Wolff, 94 S.Ct. at 2975.  The state may deprive an inmate of good-time credit for misconduct, but "the Due Process Clause. . .insure[s] that the state-created right is not arbitrarily abrogated." Id.  Respondent concedes that Godfrey has a liberty interest in his good-time credits.  See Morgan v. Dretke, 433 F.3d 455, 457 n.2 (5th Cir. 2005) (stating that the court does not need to address whether an inmate has a liberty interest in his good-time credits when the Respondent waives the issue).  Thus, the court will address whether the TDCJ-CID deprived Godfrey of the liberty interest in his good-time credits without being afforded due process of law.

-7-

2.   <u>Denial of Opportunity to Present Witnesses</u>

Godfrey asserts that he was denied his right to due process at the disciplinary hearing proceeding because he was denied the opportunity to present witnesses.  In <u>Wolff v. McDonnell</u>, the Court set forth the procedures that must be followed during prison disciplinary proceedings to satisfy the minimum requirements of procedural due process.  94 S.Ct. at 2978-79.  "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  <u>Id.</u> at 2975.  "[T]he prisoner's right to call witnesses and present evidence in disciplinary hearings can be denied if granting the request would be 'unduly hazardous to institutional safety or correctional goals.'"  <u>Ponte v. Real</u>, 105 S.Ct. 2192, 2195 (1985) (quoting <u>Wolff</u>, 94 S.Ct. at 2974).  The hearing officer has the discretion to determine what witnesses should be called and how much credibility should be given to their statements.  <u>Hudson</u>, 242 F.3d at 537.  Statements may be properly accepted or rejected based on the hearing officer's credibility findings.  <u>Gibbs v. King</u>, 779 F.2d 1040, 1042 (5th Cir. 1986).

Godfrey claims that he was denied the opportunity to present Officer Grubbs as a witness.  According to Godfrey, Officer Grubbs' testimony would contradict the facts alleged in the offense report.  On October 22, 2004, four days before the proceeding, Godfrey was given the opportunity to request witnesses and documentary evidence, but he chose to list only Lt. James as a requested

witness.  DHR at 6.  At the hearing, Godfrey requested that Officer
Grubbs be present and gave an account of what Officer Grubbs would
say if he was at the hearing.  Godfrey then had the following
exchange with the hearing officer:

> Officer:  I am going to accept your version of it.  Ok.
> I am going to accept what you tell me as true
> as to what Mr. Grubbs would say.  How's that?
> Do you accept that?
>
> Godfrey:  Yes sir.
>
> Officer:  Do you have any problems with that?  Alright,
> very good.

Disciplinary Hearing Tape ("DHT").  The disciplinary hearing
officer concluded:  "It should be noted just for the record that
Officer Grubbs' presence is theoretically really not being denied.
I have accepted the inmate's version of what Officer Grubbs would
say and I find that to be believable as the inmate has presented it
to me."  Id.

The court concludes that the hearing officer did not abuse his
discretion by refusing to call Officer Grubbs as a witness.  First,
Godfrey did not request that Officer Grubbs be called as a witness
before the hearing.  Second, the hearing officer accepted Godfrey's
statements as true in lieu of calling Officer Grubbs as a witness.
Finally, the hearing officer had the discretion to believe the
testimony of other officers over the testimony of Officer Grubbs.
Accordingly, the court will deny habeas relief on this ground.

3.  Denial of Opportunity to Cross-Examine Witnesses

Godfrey also claims that he was denied his right to cross-
examine Lt. James and Officer Reyes.  However, prisoners do not

have a due process right to confrontation or cross-examination during prison disciplinary proceedings. <u>Wolff</u>, 94 S.Ct. at 2980. Accordingly, the court will not grant relief on this ground.

4.   <u>TDCJ's Failure to Perform Investigation</u>

Godfrey claims that the TDCJ-CID failed to follow its procedural rules by not performing an investigation. This claim is meritless because an investigation was performed. Officer Matthews completed the "Preliminary Investigation Report" on October 21, 2004, which is contained in the disciplinary hearing records. DHR at 3. Accordingly, the court will deny relief on this ground.

5.   <u>Retaliation</u>

Godfrey asserts that the hearing officer retaliated against him by assessing a harsher punishment because he refused to agree to an "illegal deal" and plead guilty before the start of the disciplinary hearing. Fed. Writ Memo at 6-7. To prove retaliation by a prison official a prisoner must demonstrate that he tried to exercise a specific constitutional right, that the prison official intended to retaliate against him for exercising that right, that there was a retaliatory adverse act, and that there was causation. <u>MacDonald v. Steward</u>, 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that 'but for the retaliatory motive the complained of incident . . . would not have occurred.'" <u>Id.</u> (quoting <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 310 (5th Cir. 1997)).

Contrary to Godfrey's assertion, a plea agreement is not an "illegal deal." Inmates are authorized to enter plea agreements at

disciplinary hearing proceedings.  <u>See, e.g.</u>, <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1062 (5th Cir. 1994).  Plea agreements, by definition, are a type of bargain.  A suspect who enters a plea bargain agreement often does so with the expectation that he will receive a lesser sentence than if he is later found guilty.  Likewise, a suspect who refuses to enter a plea bargain agreement does so with the understanding that he may receive a higher sentence if he is later found guilty.  The disciplinary hearing officer's decision to assess a punishment higher than the punishment offered in the plea agreement is not a form of retaliation but is simply a result of the plea bargain process.  Thus, Godfrey has failed to show how the disciplinary hearing officer intended to commit a retaliatory adverse act.  Accordingly, the court will deny relief on this ground.

    6.  <u>Insufficiency of the Evidence</u>

    Godfrey complains that the evidence presented at the disciplinary hearing is insufficient to support a finding of guilty for the charged violation.  Godfrey's "sufficiency of the evidence argument amounts to a due process challenge."  <u>See</u> <u>Morgan</u>, 433 F.3d at 457.  Due process necessitates the presence of "some evidence to support the findings made in the disciplinary hearing."  <u>Hudson</u>, 242 F.3d at 536 (citing <u>Superintendent, Mass. Correctional Inst., Walpole v. Hill</u>, 105 S.Ct. 2768, 2773 (1985)).  "The findings of a prison disciplinary hearing will not be disturbed unless they are

arbitrary and capricious." <u>Banuelos v. McFarland</u>, 41 F.3d 232, 234 (5th Cir. 1995).

The record reflects that the hearing officer relied on the charging officer's statement that the contraband armband was found in Godfrey's mattress and sheets. Although Godfrey denied possessing the armband and disagreed with the facts that led up to the seizure of the armband, there is sufficient evidence to uphold the disciplinary officer's finding based on the allegations made by the charging officer and the testimony given at the hearing by the investigating officer. <u>Hill</u>, 105 S.Ct. at 2773. Accordingly, the court will deny habeas relief on this ground.

**B.    Ineffective Assistance of Counsel**

Godfrey claims that he received ineffective assistance of counsel at his disciplinary hearing because his counsel substitute witnessed all of the alleged due process violations described above. When circumstances warrant, the TDCJ-CID often provides a counsel substitute to assist inmates who have been charged with disciplinary infractions. <u>See Ruiz v. Estelle</u>, 666 F.2d 854, 868 (5th Cir. 1982). Because prison inmates do not have a right to either retained or appointed counsel at disciplinary hearings, <u>Baxter v. Palmigiano</u>, 96 S.Ct. 1551, 1556 (1976), Godfrey has no viable claim for ineffective assistance of counsel. <u>See Bostic v. Carlson</u>, 884 F.2d 1267, 1274 (9th Cir. 1989).

-12-

## C.   **Equal Protection**

Godfrey also asserts that the TDCJ-CID violated his right to equal protection.  Fed. Writ Pet. at 7.  However, he does not raise any arguments or allege any facts concerning a violation of equal protection, such as an act of intentional discrimination or a disparate impact.  <u>See, e.g.</u>, <u>Washington v. Davis</u>, 96 S.Ct. 2040, 2051-52 (1976).  Godfrey merely asserts that the disciplinary hearing officer discriminated against him based on alleged due process violations described above.  Fed. Writ Resp. at 18.  Accordingly, Godfrey has failed to state a cognizable equal protection claim, and the court will deny relief on this ground.

## IV.   <u>**Certificate of Appealability**</u>

Godfrey has not yet requested a Certificate of Appealability ("COA") on the claims denied in this Memorandum Opinion and Order, but the court may rule on a COA <u>sua sponte</u>.  <u>See</u> <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . ."  28 U.S.C. § 2253(c)(1).  To obtain a COA Godfrey must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 124 S.Ct. 2562, 2569 (2004).  To make such a showing Godfrey must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues

-13-

presented are adequate to deserve encouragement to proceed further. <u>Tennard</u>, 124 S.Ct. at 2569. For the reasons stated in this Memorandum Opinion and Order, Godfrey has not made a substantial showing of the denial of a constitutional right.

## V. Conclusion and Order

For the reasons discussed above, petitioner is not entitled to federal habeas corpus relief.

The court **ORDERS** the following:

1.   Respondent Quarterman's Motion for Summary Judgment (Docket Entry No. 26) is **GRANTED**.

2.   Godfrey's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

3.   A certificate of appealability is **DENIED**.

4.   The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this 11th day of August, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE